JOSEPH CURRAN, JR.
ATTORNEY GENERAL

CARMEN M. SHEPARD
DONNA HILL STATON
DEPUTY ATTORNEYS GENERAL



ROBERT A. ZARNOCH
ASSISTANT ATTORNEY GENERAL
COUNSEL TO THE GENERAL ASSEMBLY

RICHARD E. ISRAEL
KATHRYN M. ROWE
SANDRA J. COHEN
ASSISTANT ATTORNEYS GENERAL

# THE ATTORNEY GENERAL
# OF MARYLAND

June 10, 1998

The Honorable Donald F. Munson
28 W. Church Street
Hagerstown, Maryland 21740-4808

Dear Senator Munson:

You have asked for advice concerning the interpretation of Article 27, §255C(c)(6), Annotated Code of Maryland, which provides that members of the Washington County Gaming Commission may not be reappointed within five years after completion of two 2-year terms. Specifically, you have asked whether that provision would prevent the reappointment of a person who served a partial term and then was appointed to a full 2-year term. It is my view that a person who is appointed to fill the unexpired portion of a term after a vacancy occurs after the term begins, and then serves a full term after that is still eligible to be appointed to serve an additional term. However, a person who is initially appointed to such a term, even if appointed after the starting date of the term, is to be treated as having served a 2-year term, as is someone who was appointed to a full term but resigned before it was completed.

Article 27, §255C provides that the term of a member of the Commission is two years and begins on July 1, and that, at the end of a term a member continues to serve until a successor is appointed. The section further provides that a member who is appointed after a term has begun serves only for the rest of the term and until a successor is appointed. As amended by House Bill 1188 of 1998, the section provides that a "member of the Commission may not be reappointed within 5 years after completion of two 2-year terms." Prior law limited members to "a full 2-year term."

This office has consistently advised that provisions that limit public officers to a set number of terms are not to be interpreted so that service in a partial term would bar further service where the officer was appointed to serve out the remainder of an unexpired term that became vacant due to death or resignation. Letter from Avery Aisenstark, Chief Counsel for Opinions and Advice to Mr. W. Kenneth Tyler, dated February 1,

BALTIMORE METROPOLITAN AREA
Telephone (410) 841-3889
Fax (410) 841-3890
TTY For Deaf (410) 841-3814

COUNSEL TO THE GENERAL ASSEMBLY
104 LEGISLATIVE SERVICES BUILDING
90 STATE CIRCLE
ANNAPOLIS, MARYLAND 21401-1991

WASHINGTON METRO AREA
Telephone (301) 858-3889
Fax (301) 858-3890
TTY For Deaf (301) 858-3814

1983; letter from Avery Aisenstark, Chief Counsel for Opinions and Advice to the Honorable Joseph J. Long, dated December 13, 1982; and letter from Richard E. Israel, Assistant Attorney General to Ms. M. Elizabeth Lewandowski, dated September 25, 1980. However, where the incumbent was appointed to a vacancy created by expiration of a prior term, we have advised that service should count as service of a term, because, to construe such provisions otherwise would permit the Governor to effectively avoid the two term maximum simply by delaying an appointment for a day or so. Id.

It is my view that §255C(c)(6) should be read consistently with this prior advice, especially in light of the general rule that legislative restrictions on eligibility for office are to be narrowly construed, Commonwealth v. McDowell, 59 A.2d 169 (Pa. 1948); 67 C.J.S. Officers, §17 (1978). While it is true that the amendments in this most recent session deleted the adjective "full" from the description of the term, it retained the concept of a "2-year" term, which is the full amount. Deletion of the term "full" could have simply been intended to avoid the problem discussed above, of a term following a delayed initial appointment. Moreover, the legislature could have specified that it intended to count service in either a full or a partial term had it wished to do so. McGinnis v. Cossar, 18 S.W.2d 988 (Ky. 1929)(If the members of the Constitutional Convention had intended to render ineligible to succeed himself one who has held the sheriff's office for a fractional term, apt language could have been used to express such intention); Rushford v. Meador, 267 S.E.2d 169 (W.Va. 1980) (Interpreting a provision making sheriff who had served "all or part of two consecutive terms" ineligible for election).

Those cases that exist on this subject support this conclusion. There is some difference of opinion on whether or not a partial term should be counted. Compare, McGinnis v. Cossar, 18 S.W.2d 988 (Ky. 1929); Black v. Pate, 30 So. 434 (Ala. 1901); and Koontz v. Kurtzman, 40 P. 622 (Wash. 1895) with Davis v. Patten, 21 P. 677 (Kan. 1889). However, many of the cases that include partial terms do so in order to avoid ruses that were obviously concocted to avoid the term limits. Stephens v. Myers, 690 P.2d 444 (N.M. 1984)(Sheriff who had been elected to two full terms but resigned in the middle of one and was reappointed eight minutes later ineligible for additional term); Zickefoose v. West, 116 S.E.2d 398 (W.Va. 1960) overruled on other grounds, Booth v. Board of Ballot Commissioners, 196 S.E.2d 299 (W.Va.)(Officer who resigns toward end of term cannot avoid term limit); Coates v. Camp, 173 P.2d 266 (Kan. 1946)(resignation at end of term to avoid limit); Commonwealth v. Fennel, 77 A. 463 (Pa. 1910)(resignation one month before end of three year term to avoid term limits).

The Honorable Donald F. Munson
June 10, 1998
Page 3

In conclusion, it is my view that a person is subject to the bar on membership on the Commission only if they have served two 2-year terms. However, a person who is appointed to a term that is vacant due to expiration of the term is to be regarded as having served a 2-year term regardless of the time of the appointment. In addition, a person who resigns prior to the expiration of their term is to be treated as if they had served the entire term.

I hope that this is responsive to your inquiry.

Sincerely,

Kathryn M. Rowe
Assistant Attorney General

KMR:kmr
MUNSON.01